**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYRNA DE JESUS, | No. 23-15206 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00532-DJH |
| v. | |
| UNITEDHEALTH GROUP, INC., DBA Optum360 Services, Inc., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 29, 2024**

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiff-Appellant Myrna De Jesus appeals pro se from the district court's

dismissal of her claims for breach of contract and wrongful termination against

Defendant-Appellee UnitedHealth Group, Inc. dba Optum360 Services, Inc.

("Optum"), as well as from the court's confirmation of an arbitration award in

favor of Optum. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

**I**

After screening De Jesus's original complaint under 28 U.S.C. § 1915(e)(2)(B), the district court dismissed that complaint with leave to amend. De Jesus filed an amended complaint, and the court thereafter dismissed, at the screening stage, all of her claims except for defamation. On appeal, De Jesus only challenges the screening-stage dismissal of her claims for breach of contract and wrongful termination. We review de novo the dismissal of these claims. *See Doe v. Garland*, 17 F.4th 941, 944 (9th Cir. 2021).

**A**

The district court correctly dismissed De Jesus's breach of contract claim on the ground that the operative complaint failed to identify "what specific part" of her employment contract "ha[d] been breached." To state a breach of contract claim under Arizona law, a plaintiff must identify the contractual obligation that the defendant allegedly failed to fulfill. *See Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013) ("To bring an action for the breach of the contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages." (citation omitted)). De Jesus's amended complaint failed to do so, even after the district court specifically noted this deficiency in dismissing the original complaint. On appeal, De Jesus contends, without any accompanying citation to the record, that Optum breached the promise in the

"company manual" that she would receive "fair and equal treatment." But De Jesus may not seek to amend the complaint on appeal, *see Ecological Rights Found. v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 510–11 (9th Cir. 2013), and, in any event, this new allegation still fails to allege sufficient facts to establish a plausible claim for breach of contract, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

**B**

The district court also correctly dismissed De Jesus's claim for wrongful termination. In her amended complaint, De Jesus alleged that her termination was wrongful because it had been based on race and gender, but the complaint was bereft of any factual allegations that would support a plausible inference that De Jesus was terminated based on such grounds. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). On appeal, De Jesus contends that the hospital at which she was assigned to work had demanded that Optum terminate her and that Optum wrongfully acquiesced in that demand without an adequate investigation. Again, De Jesus may not amend her complaint on appeal, but in any event, she has failed to establish that termination of an at-will employee based on client dissatisfaction, without more, is wrongful under Arizona law or that Arizona law required more process than she was provided in connection

3

with her termination.

Accordingly, we affirm the district court's dismissal of De Jesus's claims for breach of contract and wrongful termination. *See Harper v. State*, 388 P.3d 552, 554 (Ariz. Ct. App. 2016) (noting that Arizona's Employment Protection Act "sets out the limited circumstances in which an employee can bring a wrongful termination action in Arizona" (citations omitted)).

## II

De Jesus's defamation claim had been rejected by an arbitrator, and De Jesus does not dispute that, if the arbitrator's decision on that score is confirmed, then that claim is barred. De Jesus argues, however, that the district court erred in confirming the arbitration award in Optum's favor.

## A

Under Arizona law, arbitration agreements are generally enforceable, but substantive or procedural unconscionability may be raised as a defense to enforcement. *Dueñas v. Life Care Ctrs. of Am., Inc.*, 336 P.3d 763, 767–70 (Ariz. Ct. App. 2014). We review de novo whether the arbitration agreement here was invalid on grounds of unconscionability. *See Coneff v. AT&T Corp.*, 673 F.3d 1155, 1157 (9th Cir. 2012).

Although De Jesus asserts that the arbitration agreement is "one-sided," she points to no specific terms of the agreement that could be said to "be overly

4

oppressive or unduly harsh to one of the parties." *Clark v. Renaissance West, LLC*, 307 P.3d 77, 79 (Ariz. Ct. App. 2013). Any claim of substantive unconscionability therefore fails.

As to procedural unconscionability, De Jesus argues that she was required to sign the arbitration agreement as a condition of her employment, that the agreement was never explained to her, and that "she did not receive a copy" at the time she electronically agreed to it. The contention that De Jesus did not receive a copy of the agreement was not raised below and is contradicted elsewhere in De Jesus's opening brief, where she acknowledges that the arbitration agreement was included among a set of documents that she signed during the electronic "onboarding process" "without completely reading and comprehending all the documents." But even if De Jesus did not retain or download a copy of the agreement during that process, she concededly had an opportunity to review the agreement before signing it. Given that De Jesus had an opportunity to review the agreement and assented to it, the fact that her assent was a condition of her employment does not suffice to establish procedural unconscionability. *See Rizzio v. Surpass Senior Living LLC*, 459 P.3d 1201, 1206 (Ariz. Ct. App. 2020) (rejecting a procedural unconscionability challenge to an arbitration agreement and holding that a "standardized adhesion contract" is "not *per se* unconscionable"; that Arizona law does not "require[] a drafter to explain the provisions of

5

standardized contracts"; and that "the post-hoc regret of a party to such a contract" does not "suffice to demonstrate unconscionability"), *aff'd in part and vacated in part on other grounds*, 492 P.3d 1031, 1038 (Ariz. 2021) (affirming the court of appeals' opinion in all respects except for five paragraphs concerning other issues).

**B**

De Jesus also contends that the arbitration award here should not have been confirmed. We review de novo the district court's decision to confirm the award, but any factual findings underlying that decision are reviewed only for clear error. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 947–48 (1995).

De Jesus argues that the district court should have vacated the award due to partiality and corruption on the part of the arbitrator. *See* 9 U.S.C § 10(a) (stating that an arbitration award may be vacated, *inter alia*, "where the award was procured by corruption, fraud, or undue means" or where there was "evident partiality or corruption in the arbitrators"). To the extent that this contention is based on the fact that other members of the arbitrator's law firm represented UnitedHealth in other matters and that attorneys from Optum's law firm had appeared before the arbitrator in other matters, De Jesus concedes that the arbitrator disclosed these facts before he was selected and that she failed to object. Because there was no failure to disclose, De Jesus can establish "evident partiality" only by showing "specific facts indicating actual bias toward or against a party."

6

*Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645–46 (9th Cir. 2010) (citation omitted).  De Jesus argues that the arbitrator's decisions are so obviously wrong that they suffice to demonstrate evident partiality, but after examining those decisions in the context of De Jesus's submissions to the arbitrator, we reject this contention as unsupported.  For similar reasons, we reject De Jesus's contention that the award should be vacated under 9 U.S.C. § 10(a)(4) on the ground that the arbitrator "exceeded [his] powers" in rendering the award. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) ("We have held that arbitrators 'exceed their powers' in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" (citations omitted)).  Lastly, in light of these conclusions, we discern no basis for concluding that there was "evident . . . corruption" in the arbitrator's rendering of the award.  *See Lagstein*, 607 F.3d at 646–47 (citation omitted).

We therefore affirm the district court's confirmation of the arbitration award.[1]

**AFFIRMED.**

---

[1] All pending motions are denied.